**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seyed Danial Taghavi Ahromi, et al., | No. CV-23-2054-PHX-DMF |
| Plaintiffs, | |
| v. | **ORDER** |
| Antony J. Blinken, | |
| Defendant. | |

On September 29, 2023, Plaintiffs Seyed Danial Taghavi Ahromi ("Plaintiff Ahromi") and Tucker Sadler Architects Incorporated ("Plaintiff Tucker Sadler") (together "Plaintiffs") brought this action against Defendant Antony J. Blinken, in his official capacity as Secretary of the U.S. Department of State ("Defendant") (Doc. 1). All parties have consented to proceed before a United States Magistrate Judge (Docs. 7, 16).

This matter is before the Court on Defendant's second Motion to Dismiss (Doc. 26), which is fully briefed (Docs. 27, 30). Previously, regarding Defendant's January 2, 2024, Motion to Dismiss (Docs. 15, 18), the Court: (1) denied the motion to dismiss without prejudice; (2) allowed Defendant twenty-one days to respond to the Complaint whether that be by motion or answer; and (3) put the parties on notice that if Defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12 that includes any declaration, affidavit, or other evidence outside the Complaint, then Court will consider such motion converted to a motion for summary judgment (Doc. 25).

In Defendant's pending motion to dismiss (Doc. 26), Defendant argues that the visa application was denied and therefore moves to dismiss Plaintiffs' claims: (1) as moot; (2) because the relief sought by Plaintiffs is beyond the authority of this Court under the doctrine of consular non-reviewability; (3) because agency action has already been taken and there is not a mandatory, non-discretionary duty for the agency to reconsider the visa denial; and (4) because any delay which Plaintiffs argue is at issue in this matter is not unreasonable (*Id.* at 1-18). Defendant attaches to his motion a declaration by declarant Stephanie L. Woodard, Attorney-Advisor, U.S. Department of State, dated February 8, 2024 ("Woodard Declaration") (Doc. 26-2 at 2-3), as well as an October 31, 2023, letter to Plaintiff Ahromi from the Consulate General of the United States of America in Dubai, United Arab Emirates ("October 2023 letter") (Doc. 26-2 at 5), which is referenced in the Woodard Declaration (Doc. 26-2 at 2).[1]

Plaintiffs filed a response in opposition (Doc. 27), attaching as exhibits in support of the opposition: a Declaration of Plaintiff Seyed Danial Taghavi Ahromi ("Ahromi Declaration") (Doc. 27-2 at 1-3); Consulate Email Communications (Doc. 27-3 at 1-10); H-1B Approval Notice Dated May 24, 2022, Valid From 10/1/2022 to 9/31/2025 (Doc. 27-4 at 1-4); and a Declaration Of Carson Wu dated January 5, 2024 ("Wu Declaration") (Doc. 27-5 at 1-5).

Defendant filed a reply in support of the pending motion (Doc. 30).

No party requested oral argument on Defendant's pending motion to dismiss (Docs. 26, 27). Noteworthy is that the Court held oral argument on Defendant's previous motion to dismiss wherein similar arguments were raised by Defendant and in support of which Defendant submissions included the same materials, albeit in reply rather than in support of the motion to dismiss initially (Docs. 15, 18, 19, 22, 23, 24, 25).

Having carefully considered the parties' arguments, the record in this matter, and the applicable law, the Court will grant Defendant's pending motion (Doc. 26) and will

---

[1] The Woodard Declaration and the October 2023 letter were attached to Defendant's February 8, 2024, reply in support of Defendant's previous motion to dismiss (Doc. 22-1; *see also* Doc. 25).

1  dismiss Plaintiffs' claims in this matter without leave to amend and with prejudice.

2  **I.      LEGAL FRAMEWORK**

3        Defendant's motion to dismiss argues mootness, which implicates subject matter jurisdiction of this Court pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 26 at 2, 5). Federal courts generally lack subject matter jurisdiction to consider moot claims. *See Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1172–73 (9th Cir. 2009). Defendant's motion also makes several other arguments for dismissal, including consular nonreviewability, and cites Fed. R. Civ. P. 12(b)(6) (Doc. 26 at 4). Defendant's citation to Fed. R. Civ. P. 12(b)(6) is consistent with Ninth Circuit law that the doctrine of consular nonreviewability is not a question bearing upon subject matter jurisdiction. *Allen v. Milas*, 896 F.3d 1094, 1102 (9th Cir. 2018). If "matters outside the pleadings are presented to and not excluded by the court," a Rule 12(b)(6) motion "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Further, when extrinsic materials are submitted in support of a Rule 12(b)(6) motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

17       **A.      Mootness - Subject Matter Jurisdiction**

18        Defendant argues that Plaintiffs' claims are moot because there has already been a decision to deny Plaintiff's visa as required under applicable law (Doc. 26 at 2, 5). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A district court must dismiss an action if it lacks subject matter jurisdiction over the suit. Fed. R. Civ. P. 12(b)(1); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) permits a defendant to raise the defense that the court lacks jurisdiction over the

subject matter of an entire action or of specific claims alleged in the action.

A challenge pursuant to Fed. R. Civ. P. 12(b)(1) may be either facial or factual. *Safe Air for Everyone*, 373 F.3d at 1039. In a facial attack, the court may dismiss a complaint when the allegations of and documents attached to the complaint are insufficient to confer subject-matter jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When considering a motion to dismiss for lack of subject matter jurisdiction, the Court takes as true the material facts alleged in the complaint. *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). The Court need not accept the truth of "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While "[i]n a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" in "a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Yet:

> [i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242). The court need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 2.

*Id.*[2] If a defendant files a Fed. R. Civ. P. 12(b)(1) motion attacking the existence of subject-matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Plaintiffs bear "the burden of establishing subject matter jurisdiction by a preponderance

---

[2] Federal Rule of Civil Procedure 12(d) does not reference motions to dismiss for lack of subject matter jurisdiction.

- 4 -

of the evidence." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016).

In the pending motion, Defendant correctly sets forth the legal definition of mootness:

> The jurisdiction of federal courts depends on the existence of a live case or controversy under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is moot if it is no longer a live controversy. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (citing *Am. Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995)). The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989). A case loses its quality as a live controversy and becomes moot when the court can no longer issue effective relief. *Feldman v. Bomar*, 518 F.3d 637, 642-43 (9th Cir. 2008). "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

(Doc. 26 at 5)

While the district court may resolve factual disputes regarding jurisdiction, "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983)) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983)). In *Safe Air for Everyone*, the Ninth Circuit observed:

> Two of our sister circuits that have considered this issue are in accord. *See, e.g., Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) ("[w]e have cautioned, however, that the district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.") (internal quotation omitted); *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) ("Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.").

373 F.3d at 1039 n. 3. Following *Safe Air for Everyone*, courts have denied motions to dismiss for mootness pursuant to Fed. R. Civ. P. 12(b)(1) due to the intertwined nature of the substantive and jurisdictional issues. *See, e.g.*, *Johnson v. Hernandez*, 69 F. Supp. 3d 1030, 1035 (E.D. Cal. 2014). In *Johnson*, the defendants filed a motion to dismiss the plaintiff's Americans with Disabilities Act ("ADA") claim as moot because the barriers identified in the complaint had been remedied. *Id.* at 1032. Because the jurisdictional facts as to whether the barriers had been removed, and thus no further relief could be granted under the ADA, were intertwined with the merits of the plaintiff's ADA claim, the court found resolution of any factual issues in the context of a Rule 12(b)(1) motion to be "improper." *Id.* at 1035.

   **B.**  **Failure to State a Claim**

   Defendant's arguments other than mootness, such as consular non-reviewability and the balancing of the six factors identified in *Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984), known as the "TRAC" factors, are based on the assertion that Plaintiffs' Complaint fails to state a claim. *See* Fed. R. Civ. P. 12(b)(6). A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2): a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); s*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded factual allegations are accepted as true for purposes of a motion to dismiss). That is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

   The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint ... as true and ... in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied ... if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When such materials "'are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Id.* (quoting Fed. R. Civ. P. 12(d)). Further, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, a court may consider "[1] documents attached to the complaint, [2] documents incorporated by reference in the complaint, or [3] matters of judicial notice," without converting a Rule 12(b)(6) motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Pursuant to the Federal Rules of Evidence, courts may judicially notice an adjudicative fact if it is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, the parties were put on notice of the Court's intention to consider materials outside the Complaint, Plaintiffs were specifically put on notice of the materials attached to Plaintiffs' second motion to dismiss during the first motion to dismiss proceedings, and Plaintiffs have been given a reasonable opportunity to present all materials pertinent to the pending motion (*see* Docs. 15, 18, 19, 22, 23, 24, 25, 26, 27, 28).

### C. Summary Judgment

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence must be viewed in the light most favorable to the nonmoving party, and the Court must "draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018).

Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion[.]" *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the "moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for" the trier of fact "to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be such that a verdict could be returned in favor of the nonmoving party. *Anderson*, 477 U.S. at 248-249. In other words, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Id.*

## II. DISCUSSION

With the motion to dismiss, Defendant presented materials outside the record (Doc. 26-2); these are the same materials Defendant attached in reply in support of Defendant's first motion to dismiss (*compare* Doc. 26-2 and Doc. 22-1). Previously, the parties were put on notice of the Court's intention to consider materials outside the Complaint should Defendant file a second motion to dismiss (Doc. 25). Plaintiffs have been given a reasonable opportunity to present all materials pertinent to the pending motion and attachments (*Id.*; *see* Doc. 27 and attachments). The Court will not exclude the attachments to Defendant's motion, which in addition to the table of contents (Doc. 27-1) are the Woodard Declaration and the October 2023 letter (Doc. 27-2 at 2-3, 5; *see* Doc. 25). Nor will the Court exclude any of Plaintiffs' attachments to their response (Docs. 27-1, 27-2, 27-3, 27-4, 27-5).[3]

Upon review of the record materials, the parties' arguments, and applicable law, the Court finds that judgment for Defendant is appropriate based on undisputed material facts. The Court concludes that the October 2023 letter constituted the required final agency action regarding the visa application, which here was visa refusal, thus mooting Plaintiffs' claims and barring Court action due to the doctrine of consular non-reviewability. Further,

---

[3] Doc. 27-1 is Plaintiffs' table of contents of exhibits per the Court's Order (Doc. 25 at 10).

- 9 -

the Court concludes that there is not a mandatory, non-discretionary duty for the agency to reconsider the October 2023 letter's refusal to issue the visa.

Among the bases of Defendant's pending motion, Defendant argues that on October 3, 2022, the consular officer refused the visa application pursuant to Immigration and Nationality Act ("INA") § 221(g), codified at 8 U.S.C. §1201(g), precluding judicial review. The Court disagrees. Instead, the Court agrees with the reasoning and analysis in *Rafieikhajegini v. United States Dep't of State, et al.*, No. CV-23-01972-PHX-DWL, 2024 WL 2300504, at *1 (D. Ariz. May 21, 2024), regarding mootness and the doctrine of consular non-reviewability as applied to the October 3, 2022, events and communications that followed through May 4, 2023, as set forth in these parties' materials (Doc. 26-2 at 2, ¶¶ 4-6; Doc. 27-2 at 1-2, ¶¶ 5-16; Doc. 27-3).[4] On this record and in this procedural posture, the agency refusal to issue a visa on October 3, 2022, is not reasonably construed as final agency action precluding judicial review based on undisputed material facts. *See Rafieikhajegini*, 2024 WL 2300504, at *1-5.

Yet here, unlike in *Rafieikhajegini*, the Court need not reach the TRAC factors because there is a significant difference in this case from the facts presented in *Rafieikhajegini*, 2024 WL 2300504. The undisputed material facts in this matter include that on October 31, 2023, the United States Consulate in Dubai sent Plaintiff Ahromi "a letter notifying him that his visa application remained refused under INA § 221(g), 8 U.S.C. §1201(g)" (Doc. 26-2 at 2, ¶7; Doc. 26-2 at 5). The October 2023 letter followed Plaintiff Ahromi's provision of additional information following the consular interview the year before (Doc. 26-2 at 2, ¶¶ 4- 7; Doc. 26-2 at 5; Doc. 27-2 at 1-2, ¶¶ 5-16; Doc. 27-3). The October 2023 letter states:

> This letter is regarding your H1B visa application submitted at the U.S. Consulate General in Dubai, UAE on October 3, 2022.

---

[4] The *Rafieikhajegini* case was cited in Defendant's reply regarding the TRAC factors analysis (Doc. 30 at 1). "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (cleaned up).

> The consular officer, after carefully considering your application and reviewing all available information, determined you have not established that you are eligible for a visa and denied your visa application under INA 221(g). Additional security screening is being conducted. Depending on the screening results, a consular officer may reconsider your eligibility for the visa.
>
> When the additional security screening on your case is complete, we will contact you. We appreciate your patience and understanding with the administrative processing and will notify you of the conclusion as soon as possible.

(Doc. 26-2 at 5). The Court finds that the October 2023 letter was a visa refusal under applicable law as applied to the material facts. Further, the refusal was based on under INA 221(g), a legally permissible ground for refusal. *See OC Modeling, LLC v. Pompeo*, No. CV 20-1687 PA (MAAX), 2020 WL 7263278, at *3-4 (C.D. Cal. Oct. 7, 2020) (finding that the consular officer's decision refusing the visa application under INA § 221(g) rendered plaintiff's request for relief – the adjudication of the visa application – moot). Now the Court must consider whether undisputed material facts establish that the visa refusal in the October 2023 letter constitutes final agency action.

In their Complaint, Plaintiffs seek relief on the grounds that consular officer has a discrete and nondiscretionary duty to finally adjudicate the visa application within a reasonable time. The Complaint (Doc. 1) was filed over a month before the October 2023 letter (Doc. 26-3). In responding to Defendant's motion supported by the October 2023 letter, Plaintiffs do not dispute the October 2023 letter to Plaintiff Ahromi.[5] The October 2023 letter was issued months after the consular officer requested and received additional information from Plaintiff Ahromi in October 2022. In light of the October 2023 letter, Plaintiffs now maintain that a refusal cannot not be "final" when, as here, the October 2023 letter states that additional security screening is being conducted such that the visa refusal may be reconsidered. Plaintiffs argue that only when the agency ends any additional security screening (also referred to as administrative processing in the October 2023 letter)

---

[5] Plaintiffs do not acknowledge or reference the October 2023 letter in their factual materials opposing Defendant's pending motion (Docs. 27-1, 27-2, 27-3, 27-4, 27-5).

- 11 -

does the agency discharge its legal duty regarding the visa.

The INA requires that "[a]ll nonimmigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(d). The INA's implementing regulations also provide that once "a visa application has been properly completed and executed ... the consular officer must issue the visa, refuse the visa, or ... discontinue granting the visa." 22 C.F.R. § 41.121(a). The consular officer must complete this process "properly and promptly ... in accordance with the applicable regulations and instructions." 22 C.F.R. § 41.106. Thus, granting or refusing a final visa application is a mandatory agency action. Neither party disputes such.

The crux of the dispute is whether there is a nondiscretionary duty for the agency to complete any additional security screening which may result in reconsideration of visa eligibility after a visa has been refused.[6] "When a visa application has been properly completed and executed in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa, or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." 22 C.F.R. § 41.121(a). Review must take place "on the day of the refusal or as soon as it is administratively possible." 22 C.F.R. § 41.121(c). Yet when an applicant's "ground(s) of ineligibility may be overcome by the presentation of additional evidence, and the applicant has indicated the intention to submit such evidence, a review of the refusal may be deferred for not more than 120 days." *Id.* Refusal is required when "the consular officer knows or has reason to believe that [the applicant] is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law[.]" 8 U.S.C. § 1201(g). When refusing an application, a consular officer must "inform the alien of the ground(s) of ineligibility (unless disclosure is barred under INA 212(b)(2) or (3)) and whether there is, in law or regulations, a mechanism (such as a waiver) to overcome the refusal." 22 C.F.R. § 41.121(b)(1).

---

[6] Plaintiffs would like to characterize the dispute differently, but Plaintiffs insufficiently acknowledge the factual existence of and legal import of the October 2023 letter.

Based on the statutory and regulatory framework and language, the Court finds that the agency action in the October 2023 letter informing of visa refusal constituted final agency action. Absent from the regulations is any requirement that a visa refusal be ineligible for discretionary reconsideration, such as the "additional security screening" referenced in the October 2023 letter, for a visa refusal to be final agency action. *See Yaghoubnezhad v. Stufft*, No. 1:23-CV-03094 (TNM), 2024 WL 2077551, at *1, *8 (D.D.C. May 9, 2024). The agency's statement in the October 2023 letter that the agency is conducting additional security screening which may result in reconsideration of the denial of the visa does not undermine the finality of the agency action denying the visa set forth in October 2023 letter. Defendant is correct that there is no mandatory non-discretionary agency duty to conduct additional security screening or reconsider the denial. Further, the doctrine of consular non-reviewability bars Court action regarding the agency's visa denial.[7]

### III.  CONCLUSION

Visa-related matters are within the purview of the Executive Branch except in very rare situations. Here, undisputed material facts establish that the visa refusal in the October 2023 letter constituted final agency action. This is not one of the exceedingly rare situations when judicial oversight or intervention is permitted. The Court will grant Defendant's motion and will terminate this action without leave to amend. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment ... constitutes an exercise in futility.").

. . .

. . .

. . .

---

[7] Even if the October 2023 letter were not construed as a visa refusal constituting final agency action, the TRAC factors do not support a plausible entitlement to relief in this action given the timing of the action's filing; thus, dismissal for failure to state a claim at this stage and without discovery would be appropriate. *See Rafieikhajegini*, 2024 WL 2300504, at *5-8.

Accordingly,

**IT IS HEREBY ORDERED** granting Defendant's motion to dismiss Plaintiffs' claims in this action (Doc. 26) and dismissing this matter without leave to amend and with prejudice.

Dated this 12th day of July, 2024.

Honorable Deborah M. Fine
United States Magistrate Judge